No. 48. FARDY SWEENEY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] An indictment which states the offence, in the terms and language of the Penal Code, is sufficient.

Misdemeanor, in Bibb Superior Court. Tried before Judge POWERS.

At the May Term, 1853, of Bibb Superior Court, the Grand Jury returned a special presentment against Fardy Sweeney, for a misdemeanor. The presentment charged, " that on the 8th day of May, 1853, in said County of Bibb, the said defend-ant did then and there unlawfully sell to and furnish a certain

man slave, *whose name and owner are unknown to the Jurors aforesaid,* with spirituous liquors for his the said man slave's own use, the said Fardy Sweeny not being then and there, the owner, overseer or employer of said slave, and not then there having the said man slave under his custody or care." At the November Term of said Court, the defendant was tried and found guilty; whereupon, his Counsel moved for a new trial and in arrest of judgment, which motion was then and there over-ruled by the Court, and sentence pronounced upon the defendant. At the May Term, 1854, of said Court, Counsel for defendant moved the Court to set aside said judgment, on the following grounds:

1st. Because the indictment was void in not averring the name of the owner of the negro or any other allegation, by which identity might be sustained or proved.

2d. That this defect was not curable by verdict, and might be taken advantage of after verdict.

3d. Because the bill being void, and the verdict not curing it, the judgment rendered thereon was void, and will be set aside on motion, before it is enforced.

The Court over-ruled the motion, and Counsel for defendant excepted.

LOCHRANE & LAMAR, for plaintiff in error.

DEGRAFFENREID, Sol. Gen. for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The objection to this indictment was, that it was void, for uncertainty. It was insisted that unless the indictment had stated the name of the negro and the name of his owner, the judgment would not serve as a bar to another indictment for the same offence.

But in all pleas of former acquittal or former conviction, the proof of the plea has to consist partly of matter of record and partly of matter *not of record.* And the *identity* of the two

cases is the part of the plea which it is the peculiar business of the evidence which is not of record to make out.

If the judgment, in this case, were pleaded to another indictment, as a former conviction for the same offence, the absence of the names of the slave and his owner might make it a little more difficult to establish the identity of the two cases, than it would be had those names been inserted.   The difference, however, would be a difference in degree, not in kind.

But whether such an indictment as this might be good at Common Law or not, is a matter of no consequence, as such a one is made good by the Code: "Every indictment or accusation of the Grand Jury shall be deemed sufficiently technical and correct, which states the offence in the terms and language of this Code, or so plainly that the nature of the offence charged may be easily understood by the Jury."   This is a part of the first section of the fourteenth division of the Code.   (*Cobb's Dig*. 833.)

The indictment states the offence in the terms and language of the Code.

The judgment ought, therefore, to be affirmed.