## FULLER *vs.* THE STATE OF GEORGIA.

1. If a tax collector received money from tax payers, and with it speculated upon jury scrip, and then made up the deficit resulting from such use, or any part of it, with scrip so procured at a discount; or if before the deficit was made known to the grand jury, he had collected money from the people and turned it into scrip to make payment, buying the scrip at a discount; or if, after having collected moneys for the county taxes, he bought up with them county orders and passed them to the county authorities or their attorneys or collecting officer, in lieu of the money collected for taxes which

he had appropriated to buy such orders at a discount; or, in general, if he used money collected as county taxes in any way whatever for his own profit, of any sort, he is guilty of embezzlement. But if he did not collect any money for the county, but waited on the people, and had executions issued and not collected, or waited on them without issuing executions, and all the deficit arose from this failure of duty, he would be guilty of another offense, but not of embezzlement.

2. The collection of some part of the deficit being a vital question, an erroneous charge on that subject will require a new trial.

(a.) It is the duty of the tax collector to receive jury certificates, when properly authenticated, as far as they will go towards paying the county tax of the person holding them, for all taxes due by the tax payers of this state to their respective counties. There is no requirement that the county authorities shall authorize the tax collector to so receive them. Such certificates are as good as money to pay county taxes, and in case of a deficit on the part of the collector, there is no presumption that such deficit was entirely in money, nor was the burden cast on him to show the contrary.

(b.) The statute does not confine the payment of taxes in jury scrip to the year in which the juror serves and receives such certificate.

September 9, 1884.

Criminal Law. Embezzlement. Tax. Officers. Before Judge ESTES. Habersham Superior Court. March Term, 1884.

Fuller, the tax collector, was tried on a presentment for embezzlement of money belonging to the county of Habersham for taxes of 1882. The evidence showed, in brief, as follows:

The defendant was short in his accounts as tax collector $1,948.22, less his commissions. He admitted this in September, 1882, and said that if the grand jury would give him until the next week, he would be prepared to settle; they found no money in his hands, and on asking if the amount was due from tax payers of the county, he said it was, and on being asked if he had issued *fi. fas.* to cover it, he said he had. A *fi. fa.* was issued against him by the ordinary, and subsequently he paid it in county orders and jury scrip. A witness testified that in September, 1882, he and another had let defendant have an order for $104.00,

and he gave them a receipt for taxes for 1883. Another witness testified to obtaining an order for $104.00 from Fuller. Other witnesses testified to paying their taxes partly in cash and partly in scrip.

The grand jury recommended that, in payment of taxes for 1882, scrip and county orders be received.

The jury found the defendant guilty. He moved for a new trial on several grounds, of which the third and fourth were as follows:

(3.) The court erred in charging as follows: "Gentlemen of the jury, it is the duty of the tax collector in each county to make an exhibit to the grand jury of the state of his books or digest at each term of the court, and if you believe from the evidence in this case that Mr. Fuller, this tax collector, came before the grand jury at the term indictment was found, and that in his exhibit made to the grand jury he showed that he was indebted to the county for some money, nineteen hundred dollars, or any other sum of money, on account of taxes which he had collected and which he had not yet paid over, the presumption of the law is, gentlemen of the jury, that the deficit, the balance due, was in money, because, as I have stated to you, the law required him to collect in money; and if you believe from the evidence that there was such a balance due from the tax collector to the county, then I charge you, gentlemen, that it is incumbent upon him, the burden is upon the defendant, to show, either by his own or by the state's witnesses, that it was not collected in money."

(4.) Because the court charged as follows: "I charge you, gentlemen of the jury, that it is the duty of every tax collector to collect all the taxes which the people are bound by law to pay, both to the state and to the county, and that the tax collector can receive nothing in payment of taxes but money, unless in the case of county taxes he be specially authorized by the county authorities to receive something else in lieu of money, and the county authorities have no power to authorize the receipt of any-

thing but money for taxes, unless it be the scrip issued to jurors for their pay for services, and that scrip can only be receivable for taxes which are due for the year in which the taxes are due. that is to say, the taxes for one year must be paid by the jury scrip that may be issued for the taxes for that year."

The motion was overruled, and defendant excepted.

C. H. SUTTON; BARROW & THOMAS, for plaintiff in error,

W. S. ERWIN, solicitor general, by DUNLAP & THOMPSON; CLAUD ESTES; W. F. FINDLEY, for the state.

JACKSON, Chief Justice.

The defendant, the tax collector of Habersham county, was presented by the grand jury for the offense of embezzlement, in that he had collected taxes due the county in money, and had appropriated the same to his own use. On the issue of his guilt or innocence of this crime, the jury found him guilty. Thereupon he made a motion for a new trial; it was overruled, and he excepted.

The grounds of the motion are as follows in substance: First, that the verdict is contrary to law, and without evidence to support it; and secondly, that the court erred in charging to the effect that, if the defendant, in his exhibit to the grand jury, showed an indebtedness to the county on account of taxes collected and not paid, then the presumption of law is that the deficit unpaid was in money, because the law required its collection in money, and that the burden was on him to show, by his own or the state's witnesses, that it was not collected in money; and also to the effect that it is his duty to collect the county tax in money and nothing else, unless authorized by the county authorities to receive something else, and that they cannot authorize him to receive anything else but scrip issued to jurors, and that only for the taxes of the year during which

the jury scrip was issued; and thirdly, that one juror was not sworn.

1. The case appears to us to be quite close from the facts this record discloses. Upon another hearing, the evidence of his guilt may be brought out more clearly or his innocence become more manifest upon a fuller investigation. That he was in default to the county quite a large sum is clear. If he appropriated any of that to his own use in any way whatever—if he took the money he collected, and with it speculated upon jury scrip, and then made up the deficit, which he had in money once, with that scrip, procured at a discount, he is guilty. If he so made up any part of the deficit, he is guilty. If, before the deficit was made known to the jury, he had collected money from the people and turned it into scrip to make payment, buying the scrip at a discount, he is guilty. If, after having collected money for the county taxes, he bought up with it county orders and passed them to the county authorities, or their attorney or collecting officer, in lieu of money collected for taxes, which he had appropriated to buy these orders at a discount, he is guilty. In one word, if he used money collected as county taxes in any way whatever for his own profit of any sort, he is guilty. But if he did not collect any money at all for the county, but waited on the people and had executions issued and not collected, or waited on them without issuing execution, and all the deficit which he acknowledged arose from this failure of duty, then, while guilty of another grave offense, he would not be guilty of this. He must have collected some money for the county and used it for his private purposes, to be guilty of this offense under this presentment. Whether or not he has done so, we repeat, is not as clear as is desirable in criminal cases. It is close. It may be made clearer one way or the other. So that if there be any error of law in the charge, the case should be tried again.

2. Inasmuch as the collection of some of this deficit in money was a vital question in this case, in order to show

guilt, any charge of the court thereon, to the prejudice of the defendant, if erroneous, ought to work a new trial in a close case.   By the act of 1872, codified in section 519, it is declared that " it shall be the duty of the tax collector to receive jury certificates, when properly authenticated, as far as they will go, towards paying the county tax of the person holding the same, for all taxes due by the tax-payers of this state, to their respective counties."   Nothing is said here about the county authorities authorizing the tax collectors to receive them ; it is the duty of the tax colectors to receive them when offered, if properly authenticated.   So that the court erred on this point.

Further, if it be his duty to receive them, these certificates are as good as money to pay county taxes, and the presumption is, not that the entire deficit was in money ; nor was the burden cast on the tax collector to remove this presumption, because it did not exist ; nor does the the statute confine the juror to the year he serves and gets his certificate as that only in which he can pay taxes with it, as we read it.

Besides this general act of 1872 in the Code, there is a local act for Habersham county, on page 169 of the acts of 1869, to the same effect.   In it " the treasurers of White and Habersham counties (are) authorized and required to receive certificates issued to jurors for services rendered in the courts of said counties, at their full value, for any and all dues to said counties."   In this act also we see no necessity for authority from the county authorities, or limitation to one year, of the validity of the certificates.

Therefore, we think that the defendant is entitled to a new trial for error of law in these charges of the court, as we understand them.

The ground in reference to the fact alleged in the motion that a juror was not sworn in chief is not certified, and cannot be considered.

Judgment reversed.