### ROBINSON *v.* THE STATE.

In order to convict a public officer of the offense of embezzlement, all the elements necessary to constitute the crime must be proved,—among others, the fact that the accused fraudulently appropriated to his own use public funds which went into his hands as an officer. While positive proof of such appropriation is not required, and, as a general rule, may be legitimately inferred from the acts of the accused, yet a mere failure to pay over the amount with which such officer is chargeable is not, of itself alone, sufficient to establish a fraudulent appropriation to his own use.

Argued December 18, 1899. — Decided January 27, 1900.

Indictment for embezzlement. Before Judge Reagan. Hall superior court. July term, 1899.

*J. O. Adams, F. M. Johnson,* and *H. H. Dean,* for plaintiff in error.

*W. A. Charters, solicitor-general,* and *W. F. Findley,* contra.

LITTLE, J. Robinson was indicted and tried for the offense of embezzlement. The bill of indictment alleges that, as tax-collector of Hall county, he embezzled money belonging to the county, to the amount of $8,401, collected of the taxpayers on the general county tax due on the digests of the county for the years 1890, 1891, and 1892. A second count alleges that he embezzled money belonging to Hall county, to the amount of $7,273, being taxes collected from the different railroads located in said county. He was convicted, and made a motion for a new trial on a number of grounds, the first three of which may be summarized to be that the verdict is without evidence and is contrary to law. Several were added by amendment,

but, in view of the ruling we make on the general grounds of the motion, it is entirely unnecessary to consider these additional grounds.

The plaintiff in error was indicted under section 187 of the Penal Code, which declares that "Any officer, servant, or other person employed in any public department, station, or office of government of this State, or any county, town or city thereof, who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished," etc. This offense was unknown to the common law, and is entirely the creation of statutes both in England and in this country. In its nature it is near akin to larceny, the difference being, that in order to constitute the latter offense the property must be taken from the actual or constructive possession of the owner. Hence it will be readily seen that the taking of property which belongs to another who has never come into possession of it, by one who acquires possession of that property in the course of business, can not technically be classed as a larceny. The English statute constituting the offense of embezzlement was enacted because of a decision that a clerk of a banker who had received money from a customer and appropriated it to his own use could not be convicted of larceny, in consequence of the fact that the money had never been in the employer's possession. Rex v. Bazeley, 2 East P. C. 571. Under the definition of the offense of embezzlement given in our code, it seems that it is necessary that the appropriation shall be made of property belonging to another, or, in case of a public officer, to the public, which rightfully came into the possession of the person charged with its appropriation, and that such person can not be convicted unless it be shown that the money has been fraudulently appropriated by the officer to his own use. The words of the statute constituting this offense afford no reason why, like other crimes, a guilty intent is not necessary to be shown. Some conflict seems to exist between the adjudicated cases on the question, whether a mere neglect to pay over money which has come into the hands of the officer is sufficient evidence to make out the fact of a guilty misappropriation. Some of the

text-books lay down the proposition that a neglect or refusal to pay over the funds is sufficient evidence of misappropriation to sustain a conviction, and a number of cases are cited to sustain the text.

An examination of some of these cases convinces us that the rule thus laid down is not only unsound, but not supported as a general proposition by the authorities cited.    As an instance, we are referred to the case of Reg. *v.* Guelder, 8 Cox C. C. 372. It appears in that case that the person charged with embezzlement of public money obtained from the proper authorities, by fraud, receipts for given sums after he had misappropriated the funds, and then, in the audit of his accounts, furnished these receipts as vouchers.    The court held that evidence of these facts was sufficient to support the conviction as against the defense relied on, that the accused had made a true and correct entry, in his book, of the sums at the time that he received them, and that therefore he could not be guilty of this particular offense; — the fact of misappropriation was not even contested.    Again, we are referred to the case of State *v.* O'Kean, 35 La. An. 901, where the court held that the neglect to pay over on demand is prima facie evidence of conversion and embezzlement; but it was so held because declared by a statute of the State of Louisiana.    The same rule was held in the case of State *v.* Munch, 22 Minn. 67, but in that case also the ruling was made on a statute which declared that an improper neglect or refusal to pay over according to the provisions of law was embezzlement per se.    In the case of Britton *v.* State, 77 Ala. 202, a similar ruling was founded on the statutes of the State, one of which declares that any tax-collector who shall fail to *make returns* and *forward the tax money* in his hands, from time to time, to the proper authorities, as provided by law, except for good cause, shall be guilty of embezzlement, etc. The only case to which we have been cited which clearly rules that a failure and refusal of a public officer to pay over money belonging to the county is sufficient evidence of a conversion of such money to his own use, is that of State *v.* Leonard, in 6 Coldwell's Rep. 308.    There the point was made that the mere failure and refusal to pay over was not evidence of a con-

version in the sense of the statute. The court held such contention to be without merit, and among other reasons given for the ruling was, that failing and refusing to deliver a chattel on demand is evidence of conversion, in the civil action of trover; and this ruling was sustained in the case of State v. Cameron, 3 Heiskell, 78, by the same court. We can not adopt the reasoning upon which the Leonard case, supra, is founded. Under our law, the evidence necessary to obtain a judgment in a civil case and that necessary to sustain a conviction in a criminal case are essentially different. As to the former the weight of the evidence authorizes a verdict for the plaintiff, while in the latter it is necessary that the evidence shall be so strong as to leave no reasonable doubt of guilt.

But we are not left without authority to establish what is the correct rule. In the case of Reg. v. Jones, 34 Eng. Com. Law Rep. 393, it was ruled that some specific sum must be proved to be embezzled; in like manner as in larceny, some particular article must be proved to have been stolen. In the case of Rex v. Hodgson, 3 Car. & P. 422, where the facts showed that a clerk, whose duty it was to receive money at a stage office for passengers and parcels and remit to the head office in another town, failed to remit some of the money with which he had charged himself, it was held that a charge of embezzlement could not be sustained for the appropriation of the money which he failed to remit, the judge saying: "This is no embezzlement; it is only a default of payment. If the prisoner regularly admits the receipt of the money, the mere fact of not paying it over is not a felony. It is but matter of account." Mr. Clark, in his work on Criminal Law, 275, citing a number of authorities, says that a mere neglect to pay over funds is not sufficient to sustain the charge. Mr. Bishop in his New Criminal Law, vol. 2, § 376, says: "The agent's mere neglect to pay over the money is clearly insufficient." So that we find the weight of authority to be, that the mere neglect or refusal to pay over funds in his hands is not sufficient to sustain a conviction for a misappropriation of the fund, in the absence of a statute making such failure or refusal sufficient evidence of the fact. Under our statute, we think three things must be shown

to authorize a conviction: first, that the accused is a public officer or occupies a fiduciary relation; second, that the money or property which he is charged with appropriating to his own use came into his possession by virtue of his office or employment; third, that he embezzled or fraudulently converted it to his own use. Necessarily this proof can rarely be made by directly showing the conversion; and the facts necessary to show misappropriation can only be inferentially shown. Mr. Wharton in the first volume of his Criminal Law, § 1030, says: "The fraudulent appropriation is to be inferred from facts," citing a number of authorities in note 2. And on page 879 of the same work the author says: "Among these is the denial of the reception or the suppression of the fact of such reception. And it is usual to require, in addition to proof of reception, some proof of attempted concealment, flight, or other facts inferring fraud; among which facts the falsification of accounts is to be noticed as peculiarly significant. And he further says, on authority, that "to show this [fraud], flight, insolvency, concealment, or evasions form strong elements of proof." Mr. Bishop in section 376 of the second volume of his Criminal Law, says, on authority, that "the common and sufficient proof is either that the servant wilfully made in his books false entries, or that he denied or purposely omitted to acknowledge the receipt of the embezzled article or fund." And this court in the case of a defaulting tax-collector, in construing this section, said that he must have collected some money for the county and used it for his private purposes, to be guilty of this offense. *Fuller* v. *State*, 73 *Ga.* 412.

Under the general principles of criminal law, as well as under the authorities we have cited above, as to this particular offense, we think that a public officer can not be legally convicted of the offense of embezzlement by showing a mere refusal or neglect to pay over funds which came to his hands, but that in addition thereto there must be some evidence of other things from which it may clearly be inferable that the neglect to turn over the funds was either in contemplation of a misappropriation or was the consequence of the misappropriation. Such neglect or refusal affords sufficient grounds for a civil action to

recover the money; but when, in addition, there is proof that
the officer falsified his accounts, that he was guilty of evasions
in explaining his default, that he fled, or other acts indicating
guilt, a case is sufficiently made to put the defendant on ex-
planation, and if not satisfactorily explained, a conviction may
be upheld.　But without some similar evidence, neither the
misappropriation nor the guilty intent is sufficiently shown.
In the present case it appears that the plaintiff in error was
liable for a much larger sum of money belonging to the county
than he had paid over; and while the proof seems to be con-
clusive that he was a careless and entirely incompetent officer,
it does not necessarily show that he was a dishonest one.　There
can be no question that he issued executions for a considerable
portion of the general tax; that these executions were placed
in the hands of collecting officers.　Some of these officers paid
at different times different sums of money, on account of these
executions, to the county treasurer.　It inferentially appears
that others did not.　The matter seems, from the record, to be
in some confusion; the evidence as the amount of the general
tax which the plaintiff in error actually collected is not made
plain, nor sufficiently so to be a basis for a conviction.　To
sustain the second count in the indictment, it was clearly shown
that a certain portion of the railroad tax due to Hall county
was collected by the plaintiff in error; but he contends that
that amount so collected was paid over to the county treasurer,
and the treasurer's evidence shows that, while no particular
amount was paid to him as railroad taxes, he did receive from
the accused at different times considerable sums of money.
It does not appear that the accused fled the county, that he ren-
dered false statements, or made such evasions in rendering his
accounts as to sufficiently indicate that he had secreted the
money of the county, or willfully appropriated any portion of
it to his own use.　Indeed, outside of certain specific amounts
received from different railroads, the evidence is unsatisfactory
as to what amounts actually went into his hands.　The charge
of embezzlement must be made out under the rules of the law
which obtain in the prosecution for the commission of other
crimes.　The same presumptions exist in favor of the person

on trial; and, taking this evidence as a whole, we are of the opinion that it was insufficient to warrant the conviction of the accused. *Judgment reversed. All the Justices concurring.*