## SNEAD *v.* THE STATE.

1. A presentment charging a felony in that the fraudulent insolvency of a named bank is chargeable to the accused, because the bank became insolvent during his management and control of such bank, is not demurrable because of the omission to state the acts committed or omitted by such banking officer which may have contributed to or caused said insolvency. Upon proof of the insolvency of the bank, and of the fact that the accused either acting alone or conjointly with associates was in control of the direction and management of such bank, the State has established a prima facie case of guilt, and the burden of showing that the acts of the accused were not the cause of the insolvency is cast upon the defendant, who may rebut the presumption of guilt, and in rebutting this presumption may, among other means used for that purpose, prove that the insolvency was not due to any act of his.

2. There is no merit in the ground of demurrer asserting that the provisions of section 28 of article 20 of the banking act of 1919 (Acts 1919, p. 135, 219) is violative of the fourteenth amendment to the constitution of the United States.

3. There is no merit in the demurrer which challenges the presentment because the president of the bank is alone indicted. Even if the president acts with other officers associated with him in the management and control of a bank, each of these officials may be severally indicted. The president of a bank is presumed to be its alter ego.

4. The provision that "the defendant may repel the presumption of fraud by showing that the affairs of the bank have been fairly and legally administered, and generally with the same care and diligence that agents receiving a commission for their services are required and bound by law to observe," is not violative of art. 1, sec. 1, par. 3, of the constitution of this State, upon the ground that it provides a defense so uncertain and indefinite that it can not avail the defendant as a defense. This for the reason, if no other, that this provision, properly construed, does not deny the accused the right of asserting any and all other defenses appropriate in his case.

---

Banks and Banking, 7 C. J. p. 547, n. 20; p. 579, n. 22; p. 580, n. 23, 25 New.

Constitutional Law, 12 C. J. p. 823, n. 26 New; p. 1205, n. 8.

Indictments and Informations, 31 C. J. p. 710, n. 43; p. 754, n. 19.

5. For the reason just stated, the provision quoted is not in violation of the provisions of the fourteenth amendment to the constitution of the United States.

6. A presentment charging one who was in charge of the affairs of a bank at and during the time it became insolvent with the offense of fraudulent insolvency need not allege or specify the acts which caused the insolvency. The presumption that the failure and insolvency of the bank was fraudulent is rebuttable; but res ipsa loquitur.

7. What is said in the preceding note applies to the fourth ground of the demurrer, which complains that the presentment "does not set out with any degree of particularity what the defendant failed to do or did not do as required by law."

8. For reasons stated in the fourth division of the opinion, there is no merit in the third ground of the demurrer, which complains that the portion of the indictment which reads, "being by law then and there charged with the fair and legal administration of the business and affairs of the said Citizens Bank," is too vague, indefinite, and uncertain, and is not sufficient to put the defendant on notice of what is therein charged. Nor is there any merit in the contention that the presentment is defective because it fails to charge that the defendant "was charged with the fair and legal administration of the business and affairs of the said Citizens Bank generally and with the same care and diligence that agents receiving a commission for their services are required and bound by law to observe." The provision last quoted refers to an additional defense suggested as cumulative to other defenses available to the defendant, and therefore need not be embodied in the statement of the presentment charging the *offense*.

9. Every accusation of crime shall be deemed sufficiently complete and technical which charges the offense in the language of the Code, or so plainly that a jury may understand the nature of the offense charged. In view of the prima facie presumption of a fraudulent insolvency, which arises from the failure of a bank, that such failure is due to the fraudulent mismanagement of the officers having the same in charge, a presentment charging this offense is sui generis, and it does not devolve upon the prosecution to allege, nor to prove in the first instance, anything more than the fact that the bank became insolvent while under the management and control of the accused and during the period of time that he was in charge of the affairs of the bank.

No. 5750. SEPTEMBER 28, 1927.

Fraudulent bank insolvency. Before Judge Maddox. Carroll superior court. November 22, 1926.

*S. Holderness, Boykin & Boykin, Smith & Millican, Betty Cobb,* and *H. C. Strickland,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* and *Denny & Wright,* contra.

Briefs by *Colquitt & Conyers, Little, Powell, Smith & Goldstein, Paul S. Etheridge, John A. Boykin, Reuben R. Arnold,* and *Hugh Howell,* for persons at interest, not parties of record.

RUSSELL, C. J. Under the provisions of section 28 of the banking act of 1919 (Acts 1919, pp. 135, 219), the plaintiff in error was presented for felony consisting in causing the fraudulent insolvency of the Citizens Bank of Carrollton while under his management and control as its president and director. He demurred to the indictment, and excepts to the judgment of the court in overruling his demurrer and thereby sustaining the indictment. The presentment charges that A. K. Snead, "on the 31st day of December in the year 1925, in the county aforesaid, then and there unlawfully and with force and arms, being then and there president and director of the Citizens Bank, a chartered bank incorporated under the laws of Georgia, and doing and carrying on a banking business in Carrollton, Carroll County, Georgia, and as such president and director of said Citizens Bank he, the said A. K. Snead, being by law then and there charged with the fair and legal administration of the business and affairs of the said Citizens Bank, and then and there pending and during the said official charge and responsibility of the said A. K. Snead as president and director thereof, the said Citizens Bank did then and there be and become fraudulently insolvent, contrary to the laws of said State," etc. The defendant demurred upon the following grounds:

1. That the indictment and the charge therein does not set out any violation of any law of the State of Georgia, the same being too vague, indefinite, and uncertain, and too general.

2. That the indictment as a whole is insufficient, because it charges no one but the defendant, who is the president and director of the bank, with mismanagement and the cause of the fraudulent insolvency of said bank, when the act upon which the indictment is based requires all the directors and the president to be so charged; if not all, then such of them as are in charge of the bank, or, if one is in sole charge, then the one who was in sole charge of said bank.

3. Specially to that part of the presentment, "being by law then and there charged with the fair and legal administration of the business and affairs of the said Citizens Bank," because it is too vague, indefinite, and uncertain, and is not sufficient to put the defendant on notice of what is therein charged; nor does it set out the law in regard thereto, in that it fails to charge that

this defendant was "charged with the fair and legal administration of the business and affairs of the said Citizens Bank, generally and with the same care and diligence that agents receiving commissions for their services are required and bound by law to observe."

4.  Specially to the language, "then and there pending and during the said official charge and responsibility of the said A. K. Snead as president and director thereof, the said Citizens Bank did then and there be and become fraudulently insolvent," for the reason that this charge is too vague, indefinite, and uncertain, and does not put the defendant on notice of what is charged thereby, or what he failed to do or did not do as required by law.

5.  This ground alleges that the language last quoted fails to charge how said bank became fraudulently insolvent.

6-8.  That the statute under which the defendant is indicted, to wit, Acts 1919, pp. 212-219, and as set out in the old Penal Code section 204, being section 28 of the banking act of 1919, supra, is in violation of the fourteenth amendment of the constitution of the United States, and to the State constitution, art. 1, sec. 1, par. 3, for the reason that the provision of the statute which states that the defendant may repel the presumption of fraud by showing that the affairs of the bank have been fairly and legally administered, and generally with the same care and diligence that agents receiving commissions for their services are required and bound by law to observe, provides a defense which is too uncertain and indefinite to be availed of by the defendant, thus resulting in making the question of criminality dependent upon the idiosyncrasies of the men who might happen to constitute the jury, and so uncertain that honest and intelligent men are unable to ascertain what particular acts it seeks to condemn.

9.  That the other directors of the bank are not jointly indicted with the defendant.

10.  That section 204 of the Penal Code and section 28 of the banking act of 1919, supra, are unconstitutional and in violation of the fourteenth amendment of the constitution of the United States, for the reason that these statutes provide that every insolvency of a bank shall be deemed fraudulent and the president and directors shall be presumed guilty, thus destroying the pre-

sumption of innocence which the law raises in behalf of every one charged with crime.

11. That the presentment does not set out the acts of fraud which the State relies on as causing the insolvency.

1. We think the trial judge correctly overruled all of the grounds of the demurrer. Section 28 of the banking act of 1919 (Acts 1919, p. 212) is as follows: "Every insolvency of a bank shall be deemed fraudulent, and the president and directors shall be severally punished by imprisonment and labor in the penitentiary for not less than one (1) year nor longer than ten (10) years; provided, that the defendant in a case arising under this section may repel the presumption of fraud by showing that the affairs of the bank have been fairly and legally administered, and generally with the same care and diligence that agents receiving a commission for their services are required and bound by law to observe; and upon such showing the jury shall acquit the prisoner." Taking up the grounds of the demurrer in reverse order, we shall briefly consider them all. The last ground of demurrer, added after counsel had signed the previous grounds, is based upon the fact that the presentment does not set out the acts of fraud which caused the insolvency. It was not necessary to do this. It was within the power of the General Assembly to create a rule of evidence by which it could be presumed from the insolvency of a bank that this insolvency was caused by the acts of those in charge and control of the bank (*Griffin* v. *State,* 142 *Ga.* 636, 83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80; *Youmans* v. *State,* 7 *Ga. App.* 101, 66 S. E. 383); and this being true, and the real cause of the failure resting peculiarly within the knowledge of those in charge of the bank, it was competent that such officer or officers in charge should be required to show that the failure was not due to their fault. There is no presumption that a bank will fail; but if it does, and whether the failure be due to fraudulent conduct of its officers or not, the real cause of the failure is a matter which rests peculiarly within the knowledge of the president and directors. It is therefore no hardship on these officers, if the insolvency is not fraudulent, to disclose the facts. On the other hand, it would be practically impossible for the outside world to prove what acts of the officers caused the insolvency of a banking institution. A presentment charging a felony in that

the fraudulent insolvency of a named bank is chargeable to the accused, because the bank became insolvent during his management and control of such bank, is not demurrable because of the omission to state the acts committed or omitted by such banking officer which may have contributed to or caused said insolvency. Upon proof of the insolvency of the bank, and of the fact that the accused either acting alone or conjointly with associates was in control of the direction and management of such bank, the State has established a prima facie case of guilt, and the burden of showing that the acts of the accused were not the cause of the insolvency is cast upon the defendant, who may rebut the presumption of guilt, and in rebutting this presumption may, among other means used for that purpose, prove that the insolvency was not due to any act of his. Upon the subject of the power of the legislature to legally enact that when specified facts have been proved they shall be prima facie evidence of guilt, or of some other named fact essential to the proof of the crime charged, see *Hawes* v. *State,* 150 *Ga.* 101 (103 S. E. 170), affirmed 258 U. S. 1 (42 Sup. Ct. 204, 66 L. ed. 431).

2. There is no merit in the ground of the demurrer asserting that the law under which the defendant was presented is violative of the fourteenth amendment to the constitution of the United States. This question has been definitely decided by this court in *Griffin* v. *State,* supra, and *Fordham* v. *State,* 148 *Ga.* 758 (98 S. E. 267). The point is now made that these rulings applied only to section 204 of the Penal Code, and that this section has been superseded by section 28 of article 20 of the banking act, supra. This is of no consequence, because the language of section 204 (taken from the act of 1833) and that used in section 28 of article 20 of the banking act, as now attacked, is identical word for word. But it is insisted that since the term "insolvency" has been definitely defined, in section 5 of article 1 of the banking act of 1919, to exist when the bank can not meet its liabilities when they become due in the regular course of business, whereas prior to the passage of the act of 1919 such insolvency did not exist unless a bank's liabilities exceeded its assets so that it could not meet its obligations in a reasonable time, as held in the *Griffin* case, the prior rulings of this court in the *Griffin* and *Fordham* cases are no longer binding authority. We can not

4

sustain this contention. The fact that this court and the Court of Appeals construed the meaning of the term "insolvency" prior to the passage of the act of 1919, supra, perhaps more liberally in behalf of one accused of a violation of this law than the same word had been construed in other jurisdictions, would not prevent the General Assembly from placing, as it has done, a different meaning upon the word "insolvent." And this does not in any way prejudice one accused of a violation of the statute. It is true that under the definition supplied by legislative enactment a bank may now be or become insolvent more easily than before, but this only requires the greater caution on the part of bank officials. It does not affect the right of the legislature to define the term "insolvency." To require a bank to meet its obligations as they mature in the course of business as presented, or be deemed to be insolvent, is quite a different case from not becoming insolvent although the bank may be unable to meet the demands of its depositors, for instance, as presented, and still not be insolvent if it has sufficient assets to pay such depositors within a reasonable time; but the essential principle upon which this court decided, in *Griffin* v. *State,* that the provision of law upon which the presentment in this case was found was not violative of the fourteenth amendment to the constitution of the United States has not been impinged in any way by subsequent legislation. It is within the power of the General Assembly to create a mere rule of evidence by which upon the proof of certain facts a presumption of the existence of other facts essential to the conviction of one accused of crime will arise, provided there is a reasonable connection between the facts proved and those which may be inferred and the presumption is not conclusive. This subject is so fully dealt with by Mr. Justice Lumpkin in the *Griffin* case, supra, that further discussion upon this point at this time would be useless.

3. The ninth ground of the demurrer challenges the presentment because the president of the bank is alone indicted. In our opinion this ground is without merit. Both in section 204 of the Penal Code of 1910 and in section 28 of article 20 of the banking act of 1919 it is provided that the "president and directors shall be severally punished," etc. If they shall be severally punished, why may they not be severally indicted? The language of the

statute denies the contention of the plaintiff in error as to this point. In this connection see *Futrell* v. *State, 31 Ga. App.* 767 (122 S. E. 80). In view of the language used in the present- ment, there could be no confusion in this case. It is not alleged that the defendant was in sole charge of the bank, but it is alleged that he was charged with the proper conduct and management of its business. This court has held that the president of a bank is presumed to be in charge of the management and direction of the bank. It was ruled in *Third National Bank* v. *McCullough, 108 Ga.* 249, 250 (33 S. E. 848), by a full bench, that "The president of a bank is its chief executive officer, and, in the absence of any showing to the contrary, will be presumed to be the agent in charge of its affairs." The same principle was the basis of the decision in *Merchants National Bank of Rome* v. *Camp, 110 Ga.* 780 (36 S. E. 201), although the *McCullough* case was not cited. The ruling in that case was followed in *Mosely* v. *First National Bank, 160 Ga.* 394, 397 (128 S. E. 192). What has been said as to the above ground of demurrer and the rule stated applies to the second ground of demurrer.

4. In the seventh and eighth grounds of the demurrer is raised the contention that under the terms of art. 1, sec. 1, par. 3, of the constitution the provision in the act that "the defendant·may repel the presumption of fraud by showing that the affairs of the bank have been fairly and legally administered, and generally with the same care and diligence that agents receiving a commission for their services are bound by law to observe," provides a defense so uncertain and indefinite that it can not avail the accused, and therefore that this provision is in violation of the foregoing con- stitutional provision. In the eighth ground it is said, that, in- dependently of the constitutional provision referred to in the seventh ground, the defense provided is too uncertain and in- definite in its terms to be of avail to the defendant, and sets forth a measure of defense so general and indefinite as to make the question of criminality dependent upon the idiosyncrasies of the men who may happen to constitute the jury, and is of such nature that honest and intelligent men are unable to ascertain what particular acts it seeks to condemn, and is therefore null and void because contrary to and in violation of law. We shall deal with these exceptions together. Does the language of the section

quoted in the demurrer deprive the defendant of anything? We think not. The case is argued as if the one accused of a violation of the law now under consideration is restricted to the provision now under consideration as his whole defense. This is not so. It points one accused of crime to a circumstance or condition which the law guarantees shall entitle him to an acquittal, but it does not preclude him from any other defense properly appertaining to his case or any which may be suggested by the ingenuity of the party or his counsel. It does not preclude him from showing that he was not really the party in charge of the affairs of the bank, nor from showing that the insolvency of the bank was caused by robbery, burglary, embezzlement, or some other offense of which the defendant on trial was absolutely innocent. It does not deny him the right of showing that the insolvency accrued before his connection with the bank, and therefore that no act of his could have been the cause of this condition. This provision can not be said to deprive one charged with a violation of the law in question of any defense. It merely suggests with liberality a defense additional to those referred to and many others which might be suggested according to the facts of the particular case. Our attention has been called to a recent case in the Supreme Court of the United States (Cline *v.* Frink,    U. S.    47 Sup. Ct. 681), in which it is ruled, as it frequently has been ruled before, that any criminal statute which is so indefinite and uncertain as that the decision as to criminality of the act must depend upon the idiosyncrasies of the men who compose the jury is void. We deem it a well-settled principle that a law which charges a crime is void if the construction of that law depends upon personal opinion, whether it be the opinion of those in the jury-box or out of it. But we do not think that the law with which we are here concerned falls within this inhibition. The attack in these grounds of the demurrer relates to a defense merely suggested, not required to be made; and the fact that the language used may be indefinite is to the advantage of the defendant, and not to his detriment. Observation and experience have convinced the writer that in the trial of most criminal cases a general defense under the general plea of not guilty is often far more easy to maintain than a defense upon specific points directed with merciless precision to the scrutiny of the court and jury. It must

be remembered that, as said by Mr. Justice Lumpkin in the *Griffin* case, supra, "The affirmative declaration that the defendant may repel the presumption of fraud, by showing that the affairs of the bank have been fairly and legally administered, . . does not exclude the president or a director of a chartered bank which has become insolvent from disproving, by *any legitimate evidence,* the presumption of fraudulent mismanagement which may have been raised against him."

5. In view of what has just been said, the contention raised in the sixth ground of the demurrer, that the defense suggested in section 28 of article 20 of the act of 1919 is in violation of the provisions of the fourteenth amendment to the constitution of the United States is without merit.

6. The contention presented by the fifth ground of the demurrer, that the indictment should be quashed for the reason that it fails to charge how the Citizens Bank became fraudulently insolvent, can not be sustained. In *Griffin* v. *State,* supra, it was held that upon proof of insolvency of the bank the burden was shifted; and that the State was not required to specify or prove the acts which caused the insolvency, because those in charge of the bank knew or ought to know the real cause. Further, the statute provides that upon proof of insolvency fraudulent insolvency will be presumed. As remarked in *Youmans* v. *State,* supra, the rule stated is but an application to a criminal case of the doctrine of res ipsa loquitur, often applied in civil proceedings.

7. What has just been said applies also to the fourth ground of the demurrer, which complains that the charge in the indictment, "then and there pending and during the said official charge and responsibility of the said A. K. Snead as president and director thereof, the said Citizens Bank did then and there be and become fraudulently insolvent," does "not set out with any degree of particularity what the defendant failed to do or did not do as required by law."

8. In view of what we have already said as to the fact that the only reference to the fair and legal administration of the business and affairs of the Citizens Bank, and generally with the same care and diligence as agents receiving commissions for their services are bound by law to observe, is contained in that portion of the statute relating to the defense, and the law does not contain

a provision that the State shall prove the offense in such general terms, the third ground of demurrer is controlled by the ruling in the fourth division of this opinion.

9. The first ground of the demurrer challenges the presentment generally as failing to set out any violation of the law of the State of Georgia, "the same being too vague, indefinite, and too uncertain." We have already somewhat considered the subject of this demurrer in the first division of this opinion; but it is perhaps necessary to deal more directly with the first ground, because under it the defendant in effect insists that neither section 204 of the Penal Code nor section 28 of article 20 of the banking act of 1919 states such facts as are sufficient to constitute the commission of a criminal offense. The presentment in the case sub ·judice states the charge in the language of the code section and of the statute. Section 954 of the Penal Code declares: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." It is of course true that there are many offenses in which, if the offense were charged in the precise language of the code section, the indictment would not be sufficient to put the accused on such notice of what facts he must be prepared to meet, so as to enable him to prepare his defense, and he would thereby be deprived of the right to a fair trial. And the code recognizes this by saying that in case the terms and language of code may not be sufficiently adjusted to the case of one accused of crime, then the indictment shall charge the offense "so plainly that the nature of the offense may be easily understood by the jury." However, as to the offense of causing the fraudulent insolvency of a bank, and under the ruling of this court and of the Court of Appeals as to the prima facie presumption arising upon proof of the insolvency of the bank in question, while in the charge or under the management and control of the one accused of fraudulent insolvency, that such insolvency was caused by him, the statement of the case in a presentment or indictment charging this offense may well be said to be sui generis. An accusation of crime, whether by indictment, presentment, or other form of accusation, need not plainly state any other facts than those which it is essential to prove upon

the trial. Any accusation which charges less than this is defective. Measured by this rule, upon the trial of a case charging fraudulent insolvency of a bank, the State is only required to prove that the bank was under the management and control of the accused, and that it became insolvent while it was within the management and control of the defendant either by himself alone or conjointly with associates in its management. The presentment before us measures up to this standard. It charges that Snead was the president and a director and that the bank became fraudulently insolvent while he was charged with its management.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*