ALLEN, *alias* PIE, *v.* THE STATE.

No. 15606. OCTOBER 10, 1946.

*Howard, Camp & Tiller* and *Swift Tyler,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. E. Andrews, Solicitor-General, Henry N. Payton,* and *Durwood T. Pye,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ Each of the ten amended grounds of the motion for new trial, comprising 36 pages of this record, assails the conviction of the movant upon the ground that the evidence of other crimes committed by the defendant was admitted over objections, and in the charge to the jury they were authorized to consider such evidence in reaching a verdict in this case. While the various grounds attack from different directions, each is based upon the contention that all of the trial relating to the other crimes was erroneous. Therefore, the special grounds will be considered together, and a ruling upon the one question upon which all are based will determine all of the grounds. In *Williams* v. *State,* 152 *Ga.* 498 (110 S. E. 286), this court, speaking through Chief Justice Fish, said: "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible; but to this rule there are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of crimes other than that for which the accused is on trial, for the purpose of showing motive, plan, or scheme." The quoted rule and exceptions were quoted with approval in *Merritt* v. *State,* 168 *Ga.* 753 (149 S. E. 46). In *Wilson* v. *State,* 173 *Ga.* 275 (2) (160 S. E. 319), after stating the general rule it is said: "But such evidence is admissible where there is some logical connection between the two from which it can be said that the proof of the one tends to establish the other." This statement of the exception to the general rule was quoted with approval in *Barkley* v. *State,* 190 *Ga.* 641 (2) (10 S. E. 2d,

32). The general rule was recognized in *Andrews* v. *State*, 196 *Ga.* 84 (4) (26 S. E. 2d, 263), but it was there said that "proof of crimes of a similar nature is admissible for the purpose of identifying the defendant or for showing a common plan or purpose. . . A similar plan with similar methods in the same locality serve both to identify the defendant and to show a common plan or method." These decisions clearly state the rules of law, and there is no room for argument now as to the law. If the method or scheme employed in the commission of the crimes of similar nature were the same, this aids in identification, and proof of other such crimes is admissible.

It remains only to ascertain by an examination of the evidence whether or not the other crimes proven were similar in motive, plan, or scheme, and helped to identify the accused as the person who committed the crime for which he was on trial. The common elements are that they were all committed in the same general section of the City of Atlanta, they were attacks upon white women, and that in each a knife was employed as a means of intimidating and coercing submission. These facts bring the evidence clearly within the exception to the general rule and render it admissible under the recognized exception. It is strongly urged by counsel, however, that the occurrence at 352 Kelley Street, since the defendant was frightened by the screams of his victim and the appearance of her father, and fled without doing more than entering her room after 2 o'clock at night and exhibiting a knife and ordering her to say nothing, is so dissimilar to the crime charged in the indictment as to exclude the evidence under the general rule. A mere recital of what occurred refutes the contention thus made and shows the similarity necessary to admit the evidence.

Nor is there merit in the further argument of counsel that the requests of the jury for further instructions as to what consideration they were authorized to give the proof of the other crimes, coupled with the statement that they were in disagreement as to the sufficiency of the identity of the accused by the evidence in the case other than that relating to the other crimes. It appears that the efficacy of the evidence of the other crimes is demonstrated by the action of the jury in returning a verdict of guilty after being charged that they were authorized to consider that

evidence for the purpose of discovering the motive, plan, or method in identifying the accused. There was nothing connected with the action of the jury which would render such evidence inadmissible. The amended grounds of the motion for new trial are without merit.

■ While admitting that the State's evidence established clearly and beyond doubt the commission of the crime of rape as alleged in the indictment, with the exception of identifying the defendant as the person who committed the crime, it is strongly argued that, since the victim testified that she had never seen the accused before, and that it was dark when he committed the crime, her testimony upon the trial and her action at the jail prior to the trial identifying the accused was incredible, impossible, or inherently improbable, and under the ruling made in *Patton* v. *State,* 117 *Ga.* 230 (43 S. E. 533), it should as a matter of law be entirely disregarded. Though the identification of the accused is not entirely dependent upon the testimony of this witness, yet it must be held that her testimony does not fall under the decision relied upon, but her ability to correctly identify the accused under the circumstances recited was a question going to her credibility, and its solution was exclusively for the trial jury. The accused was fully identified, however, by his own confession and by proof of his other crimes. The evidence supports the verdict, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur, except Atkinson, Wyatt, and Head, JJ., who dissent.*

ATKINSON, Justice, dissenting. I can not concur in the judgment of affirmance. The evidence in reference to other crimes having been committed by the accused should have been excluded. Such evidence was not sufficient to illustrate any scheme, design, motive, or the identity of the accused, and was highly prejudicial. I am authorized to say that Justices Wyatt and Head join in this dissent.