MIMS *v.* THE STATE.

HAWKINS, Justice. 1. The general rule is that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. Code, § 38-202. *Cawthon* v. *State,* 119 *Ga.* 395, 396 (46 S. E. 897); *Merritt* v. *State,* 168 *Ga.* 753 (149 S. E. 46). While an exception to this general rule has been held to apply where the facts and circumstances of the other offenses show or tend to show a similarity of method, plan, scheme, bent of mind, or modus operandi (*Allen* v. *State,* 201 *Ga.* 391, 40 S. E. 2d, 144; *Davis* v. *State,* 202 *Ga.* 13, 41 S. E. 2d, 414; *Dorsey* v. *State,* 204 *Ga.* 345, 49 S. E. 2d. 886; *Biegun* v. *State,* 206 *Ga.* 618, 58 S. E. 2d, 149), the instant case, in which the defendant was charged with rape, does not fall within the liberal exception to the general rule, since the State sought to introduce only a previous indictment against the defendant charging him with the offense of rape, wherein he was convicted of and sentenced for the offense of assault and battery, and not for rape or assault with intent to rape; and the only fact tending to show even the slightest similiarity of offenses was that in the previous case the victim of the assault and battery was a girl fifteen years of age, and in the instant case the alleged victim was only eleven years of age. There was no evidence introduced tending to show the nature and character of the assault and battery in the previous case, or whether it involved a sexual attack, and the fact that the previous indictment charged the offense of rape in addition to charging an assault and battery would not supply the essential ingredient of similarity, for the reason that the presumption of law that the defendant was innocent of that crime was conclusively established by the conviction for assault and battery, which was an acquittal of the greater offense. The trial court, therefore, erred, as complained of in the first ground of the amended motion for a new trial, in admitting in evidence the former indictment for rape with a conviction and sentence for assault and battery only, and without any other sufficient proof to show any similarity of method, plan, scheme, bent of mind, or modus operandi.

2. "An objection to the admission of evidence on the ground that it is 'immaterial and irrelevant' is not such an objection as it would be reversible error to overrule." *Pippin* v. *State,* 205 *Ga.* 316, 317 (6) (53 S. E. 2d, 482). Under the foregoing principle, the second ground of the amended motion for a new trial is without merit.

3. The trial court did not err, as complained of in the third ground of

the amended motion for a new trial, in permitting the solicitor-general to have the defendant's wife brought into court by the officers of court and to have her stand in the presence of the jury for the purpose of having her identified by a named witness, over the objection that the defendant's wife was incompetent to testify for or against her husband. Merely to have the wife of the defendant to stand in the presence of the jury for the purpose of being identified by a witness for the State was not requiring the wife to testify for or against the husband. *Bexley* v. *State,* 141 *Ga.* 1 (4) (80 S. E. 314); *Odum* v. *State,* 183 *Ga.* 854 (190 S. E. 25).

4. The general grounds of the motion for a new trial not having been argued by counsel for the plaintiff in error, will be treated as abandoned.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents from division one of the opinion and from the judgment of reversal. Duckworth, C.J., concurs in the judgment only.*

No. 17139. July 11, 1950.

*Kirk McAlpin* and *Robert B. Troutman Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel,* and *Herman W. Coolidge,* contra.