18730. HOWARD *v.* THE STATE.

PER CURIAM. 1. The indictment, charging embezzzlement under Code § 26-2801, was not subject to the demurrer and motion to quash, which attacks the statute as denying equal protection as required by the State and Federal Constitutions and asserts that the indictment was deficient in describing the crime. *Carter* v. *State,* 143 *Ga.* 632 (85 S. E. 884).

2. The indictment contained seventeen counts charging separate crimes of embezzlement, and separate verdicts were rendered upon each count. The grant of a new trial by the court upon some of the counts did not require a new trial on the others. While such indictments may be justly condemned as preventing a fair trial, yet it is not as hurtful to the accused to allow the jury to hear evidence falling short of proving embezzlement as it is to hear evidence proving it. For what has heretofore been said concerning this subject, see *Stewart* v. *State,* 58 *Ga.* 577; *Dohme* v. *State,* 68 *Ga.* 339; *Berrien* v. *State,* 156 *Ga.* 380 (7) (119 S. E. 300); and *Simmons* v. *State,* 162 *Ga.* 316 (134 S. E. 54).

3. But it was error to allow the prejudicial and irrelevant evidence of the purported larceny or embezzlement of certain "I" beams, which were purported to be but not shown to be the property of the city and which were allegedly taken and used by the accused, as this evidence failed to show the commission of a crime in the taking and using of this property. Code §§ 38-201, 38-202. It was not admissible under the similar-method rule, because (1) it failed to prove a crime committed by the accused; and (2) if it had done so, it was not so similar to the crime alleged in the indictment as to come within the exception to the general rule. *Allen* v. *State,* 201 *Ga.* 391 (40 S. E. 2d 144); *Mims* v. *State,* 207 *Ga.* 118 (60 S. E. 2d 373); *Henderson* v. *State,* 209 *Ga.* 72 (70

S. E. 2d 713); *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615). Neither the ruling in *Jackson* v. *State,* 76 *Ga.* 551 (8), nor that in *Bulloch* v. *State,* 10 *Ga.* 47 (54 Am. D. 369), which is therein cited for support, requires a ruling different from the foregoing. In the former the defendant plainly put his character in evidence, as shown and stated in divisions 5 and 9 of the opinion, and proof by the State of any wrong-doings by him was clearly admissible to rebut his statement. The decision in the latter is wholly irrelevant and inapplicable, and in no way supports the ruling in the former opinion wherein it is cited for support.

4. Since the ruling in headnote 3 will require a new trial on all the remaining counts of the indictment, and the evidence then to be submitted may not necessarily be the same as here, no ruling will be made on the general grounds of the motion for new trial or special grounds 2 and 3, as they are merely elaborations of the general grounds as to the sufficiency of the evidence.

*Judgment reversed. All the Justices concur. Duckworth, C. J., and Almand, J., concur specially.*

ARGUED SEPTEMBER 15, 1954—DECIDED NOVEMBER 8, 1954.

*Miller, Miller & Miller, Wallace Miller, Jr.,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Charles F. Adams, Assistant Solicitor-General,* contra.

188

DUCKWORTH, Chief Justice, concurring specially. There can be no bona fide contention that there is a sentence or word in Code § 26-2801 that requires that the property therein described belong to the government. The exact language of the section is: "Any officer, servant, or other person employed in any public department, station, or office of government of this State or any county, town, or city thereof, who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than seven years." In view of the numerous decisions of this court—a few of which are *State* v. *Calvin, R. M. Charlton* 151, p. 170, 1 *Ga. Dec.; Studstill* v. *State,* 7 *Ga.* 2 (11); *Cook* v. *State,* 11 *Ga.* 53 (56 Am. D. 410); *Sweeney* v. *State,* 16 *Ga.* 467; *Ricks* v. *State,* 16 *Ga.* 600; *Hester* v. *State,* 17 *Ga.* 130; *Glover* v. *State,* 126 *Ga.* 594 (55 S. E. 592); *Snead* v. *State,* 165 *Ga.* 44 (139 S. E. 812)—and the unambiguous provisions of Code § 27-701, this court can not, while remaining within the constitutional limitations of its powers (Code, Ann., § 2-3704), now rule contrary to the statutory law defining the requisite particularity of an indictment found in Code § 27-701, as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." Nor can the duty of the Judiciary concerning unconstitutional laws, expressed in the Constitution (Code, Ann., § 2-402) —which is: "Legislative acts in violation of this Constitution, or the Constitution of the United States, are void, and the Judiciary shall so declare them"—be denied or escaped. To point out that the law has stood for a long time or that countless persons have been convicted thereunder as excuses for failure to perform the judicial duty expressed in the Constitution, would constitute timidity and judicial cowardice unworthy of the Judicial Department. It can not be overlooked that the Constitution declares that all laws, not new laws, not old laws, not laws under which no persons have been convicted, but all laws that offend the Consti-

tution are *void* and the Judiciary shall so declare them. In *Beall* v. *Beall*, 8 *Ga.* 210, this court said: "To disregard the laws of the State, is a capital crime against society, and great vigilance is necessary to see to it, that they are equally respected, by those who govern, as well as those who are destined to obey." As pointed out at the beginning, to commit the crime defined in Code § 26-2801, it is necessary only that one be an officer or agent of the government and embezzle, etc., the property therein described, irrespective of who may be the owner of such property. Anyone can clearly see that to thus subject those working for a government to prosecution, while excluding all other persons not so working, is the rankest sort of discrimination. This the Constitution forbids in the following language: "Protection to person and property is the paramount duty of government, and shall be impartial and complete." Code (Ann.) § 2-102. Unless plain English can be deprived of meaning, the procedure provided in Code § 26-2801 is neither impartial nor complete protection. Then the Constitution renders judgment thereon, declaring it void and directing this court to so declare. Code (Ann.) § 2-402.

It is neither sound argument nor valid judicial reason, after saying, as was done in *Robinson* v. *State*, 109 *Ga.* 564 (35 S. E. 57, 77 Am. St. R. 392), "It seems that it is necessary that the appropriation shall be made of property belonging to another, or, in case of a public officer, to the public, which rightfully came into the possession of the person charged with its appropriation," then, in *Carter* v. *State*, 143 *Ga.* 632 (85 S. E. 884), to assert that this court adheres to that view, and at the same time hold that it is not essential to its constitutionality that the statute require that property of the employer be embezzled. It is provided in Code § 27-701 and countless decisions of this court that the indictment need only describe the crime in the language of the statute. Surely no court will so disregard the established law as to hold that it is ever necessary to prove more than the allegations of an indictment. Therefore, the only possible legal way it could be necessary, as held in *Robinson* v. *State*, 109 *Ga.* 564, supra, to show that the property belonged to the public is for the law to say so. Since Code § 26-2801 does not so provide, it subjects government employees to prosecution for embezzling any property of anyone whomsoever while exempting

all others though they do the same thing. It is therefore the rankest kind of discrimination against government officials and agents and in favor of all other persons and is a denial of equal protection, as required by Code (Ann.) § 2-102, and is void.

While it may be competent for the legislature to enact a valid law making criminal the acts enumerated in this statute, such a law must apply to all persons alike in order to satisfy the equal-protection requirements of the State and Federal Constitutions. See *Baugh* v. *City of LaGrange,* 161 *Ga.* 80 (2a) (130 S. E. 69). This equal protection might be obtained, although the law does not apply to all persons, provided that a valid classification is made and the law is made applicable alike to all members of that class. *Arthur* v. *State,* 146 *Ga.* 827 (92 S. E. 637); *Geele* v. *State,* 202 *Ga.* 381 (43 S. E. 2d 254, 172 A. L. R. 196). Such a classification, however, must have a basis that bears a direct relationship to the object and purpose of the legislation. *Woolworth Co.* v. *Harrison,* 172 *Ga.* 179 (156 S. E. 904); *Gibbs* v. *Milk Control Board of Georgia,* 185 *Ga.* 844 (2) (196 S. E. 791); *Geele* v. *State,* 202 *Ga.* 381, supra; *Moultrie Milk Shed* v. *City of Cairo,* 206 *Ga.* 348 (2) (57 S. E. 2d 199). To illustrate, since the section here under consideration subjects to prosecution thereunder only persons having a connection with government, if the appropriated property under the statute is specifically required to be the property of the government employing that person, then the classification would be a valid one. The attack here is directed to the features of the statute which point out only those employed by government for prosecution thereunder, but place no restriction upon the ownership of the property appropriated.

The decision in *Carter* v. *State,* 143 *Ga.* 632, supra, is, for the reasons above stated, unsound and I would overrule it, but enough of my associates disagree with me on that to prevent this court from overruling it, since it has the concurrence of all the Justices. Consequently, while holding the view that the statute is void and the indictment should have been dismissed on demurrer, and, for this reason, the judgment should be reversed, I dissent from the ruling in division one, but fully concur in the remaining divisions of the syllabus opinion and in the judgment of reversal. I am authorized to state that Mr. Justice Almand joins me in this special concurrence.