### 13893.  BERRIEN *v.* THE STATE.

BLOODWORTH, J.  1. The 1st and 4th counts of the indictment each set out a crime under the laws of the State; each sufficiently describes the money alleged to have been misappropriated, and neither is subject to the special demurrer. See answers of the Supreme Court to questions certified to it by this court in this case.  156 *Ga.* 380 (119 S. E. 300).

2. There is no error in any of the excerpts from the charge of which complaint is made in the motion for a new trial. Most of these are covered by the answers of the Supreme Court to the certified questions.

3. There is no merit in those grounds of the motion for a new trial which are based upon newly discovered evidence.

4. The court did not err in refusing to give in charge any of the requested instructions. So far as legal and pertinent they were covered by the charge given. Moreover, as was held in *Killabrew* v. *State,* 26 *Ga. App.* 232 (2) (105 S. E. 712), "The ground of the motion for a new trial in regard to the refusal of a request to charge was not in proper form for consideration, it not being alleged that the requested charge was pertinent and applicable to the facts of the case."

5. The court properly excluded the evidence of which complaint is made in special grounds 30 and 31 of the motion for a new trial.

6. The evidence authorized the conviction of the defendant, and the court did not err in overruling the motion for a new trial.

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 14, 1923.  REHEARING DENIED DECEMBER 5, 1923.

Indictment for larceny after trust; from Fulton superior court—
Judge Humphries. July 24, 1922.

Application for certiorari was denied by the Supreme Court.

*Watkins, Russell & Asbill,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-
general, Seward M. Smith, assistant attorney-general, E. A.
Stephens,* contra.