### 37233. HODGES *v.* THE STATE.

296

DECIDED MARCH 19, 1959.

*James R. Venable, Marvin O'Neal, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Eugene L. Tiller, B. B. Zellars,* contra.

TOWNSEND, Judge. Evidence as to the 1952 lottery episodes, had it been offered on the trial of the defendant on the remaining counts of the indictment with counts 1, 2 and 3 stricken on demurrer (as they should have been but were not) would have constituted reversible error as to the whole case. *Bacon v. State,*

209 *Ga.* 261 (71 S. E. 2d 615). The demurrers to the first three counts having been erroneously overruled, these counts, although treated during the trial as subsisting, were in fact a nullity and gave no rights to the State which it would not otherwise have had. Accordingly, applying the rule in the *Bacon* case, the admission over objection of evidence relating to other criminal transactions than those for which the defendant was legally on trial deprived her of her right to a fair trial as to the whole case.

It is contended, however, that this rule should not be applied where the jury did not in fact return a general verdict of guilty, but returned a special verdict as to each count. None of the cases cited, or which the court has been able to find, is decisive of this question. In *Roberts* v. *State*, 14 *Ga.* 8, there was a two-count indictment, both counts referred to the same transaction and the evidence necessarily referred to a single transaction and not separate criminal transactions. In *Berrien* v. *State*, 156 *Ga.* 380 (119 S. E. 300), the two counts apparently referred to different transactions, but as to one of them the evidence was insufficient to support a conviction. In the present case the evidence was sufficient to show the defendant guilty of separate criminal transactions for which she was not legally on trial under the three defective counts. *Howard* v. *State*, 211 *Ga.* 186 (2) (84 S. E. 2d 455) most nearly approaches, without deciding, this question. There as in the *Berrien* case there was a multiple-count indictment charging various related offenses. Separate verdicts were rendered, and it was held that the reversal as to certain counts because there was insufficient evidence to support the verdict would not carry a reversal as to the good counts, the court stating: "While such indictments may be justly condemned as preventing a fair trial, yet *it is not as hurtful to the accused to allow the jury to hear evidence falling short of proving embezzlement as it is to hear evidence proving it.*" (Emphasis added.)

We are dealing here with the accused's right to a fair trial. She waived nothing; she insisted upon her demurrer to the defective counts, and, because of an error in the court's ruling, she was forced to allow evidence against her which, but for such error, would clearly have been reversible. The distinction is

pointed up in *Sutton v. State*, 122 *Ga.* 158, 160 (50 S. E. 60): "The general rule is, that where there are several counts in an indictment, a general verdict of guilty is valid if there be one good count, though the others are defective, the presumption being that the verdict was rendered on the good count, and not on the defective ones. *This general rule does not apply, however, when there are two counts in an indictment, one good and the other fatally defective, and where a demurrer to the defective count has been improperly overruled."* (Emphasis added). It is true that there the further distinction is drawn between general and special verdicts, but only a general verdict was under consideration in that case.

Where the several counts in an indictment refer to the same transaction, a reversal as to one would not, under the rule set out here, reverse the good counts. It is only where bad counts are used, intentionally or otherwise, over the objection of the defendant, as a means of introducing evidence of other criminal transactions which is not otherwise admissible, that the entire trial become infected to the extent that it cannot be determined whether the verdict as to the good counts was itself influenced by the illegal evidence. As pointed out in the *Howard* case, 211 *Ga.* 186, supra, this does not obtain where the evidence as to other criminal transactions is insufficient to establish guilt. But where, as here, the evidence admitted over objection is both improperly admitted and is itself sufficient to establish guilt of another crime, and where its admission in the first instance is due to the error of the court in overruling the demurrer, the whole case must be reversed. To decide otherwise would be to hold that the error of the trial court in overruling the demurrer precluded the defendant from insisting upon the subsequent error of admitting illegal evidence. Such a rule would have neither justice nor logic.

The trial court erred in denying the motion for new trial as to every count thereof.

*Judgment reversed. Felton, C. J., Quillian and Nichols, JJ., concur. Gardner, P.J., and Carlisle, J., dissent.*

CARLISLE, Judge, dissenting. I must dissent from the decision of my colleagues rendered in this case. In the first place, the

contention made by the plaintiff in error in her motion for a revision of the decision does not seem to have been properly raised in the trial court. It is true that the petition for certiorari shows that counsel for the defendant objected to the evidence of each witness with respect to the transactions covered by counts 1, 2 and 3 in substantially the same language each time as follows: "Mr. Venable: I object to all this testimony in regard to events in June and July, 1952, as beyond the statute of limitations and barred by it as highly prejudicial, irrelevant, immaterial and placing the defendant's character in issue without her having first done so." As I have said, counsel for the defendant objected to all of this evidence, but some of the objections were not as full as that which I have quoted. Conceding, however, for the sake of argument, that counsel for the defendant properly renewed his objection to each separate instance of the introduction of evidence with respect to the transactions barred by the statute of limitations, I do not think that these objections were sufficient to apprize the trial court of the exact nature of the objection now made for the first time in this court. Nothing should be read into an objection to evidence that is not expressly stated by counsel. The trial court cannot read counsel's mind and can only pass upon the specific objection made. Applying the well established principle that this court can only pass upon questions raised in the trial court, this court, of course, cannot enlarge the wording of the objection made in the trial court and cannot by implication extend the wording so as to permit it to raise a question which it plainly did not raise. None of the objections interposed by counsel for the defendant to the evidence respecting the transactions barred by the statute of limitations expressly pointed out to the trial court that counsel was objecting to evidence as to those transactions because such evidence would prejudice the minds of the jury in their consideration of the good counts of the accusation, and that such evidence placed the defendant's character in issue as to the charges against her with respect to those counts. Many of the objections interposed by counsel were no more than that the evidence of crimes committed beyond the statute of limitations was "irrelevant, immaterial and prejudicial," or "highly prej-

udicial, irrelevant, immaterial and inadmissible and barred by the statute." Certainly as to these objections they were not sufficient to raise the question now sought to be raised as to the particular evidence to which they related.

The verdict and judgment in this case were entered on each separate count in accordance with the procedure outlined in *Tooke* v. *State,* 4 *Ga. App.* 495 (3e) (61 S. E. 917). I think that the rulings in *Roberts* v. *State,* 14 *Ga.* 8 (5); *Berrien* v. *State,* 156 *Ga.* 380 (7) (119 S. E. 300); and, *Howard* v. *State,* 211 *Ga.* 186 (2) (84 S. E. 2d 455) are determinative of the merits of the issue now raised by the plaintiff in error (assuming that they were properly presented and raised in the lower court) and require a judgment adverse to those contentions. Under the rule now established by this court, a solicitor will never know whether he can safely go to trial and obtain and have sustained a conviction on any count of a multiple-count indictment or accusation, since, under this rule, he runs the risk of having the entire case thrown out if any one of the multiple counts should subsequently be held to have been defective.

I am authorized to say that Gardner, P. J., concurs with me in this dissent.