44364.   CARDELL v. THE STATE.

Argued April 9, 1969—Decided June 24, 1969.

*Beck, Goddard, Owen & Smalley, Robert H. Smalley, Jr.,* for appellant.

DEEN, Judge. ■ The chief witness for the State was a detective with the Griffin Police Department who testified to a number of conversations with the defendant concerning his own activities and those of his co-defendant, Chambers. Cardell had shortly after his arrest signed a written waiver of right to have counsel in intra-custody interrogation. In exploring the circumstances under which the waiver was signed the witness was asked on cross examination: "He didn't admit anything?" to which the response was: "He didn't pin himself down to any particular crime. I asked him about *each individual crime, and several others.* And at that particular time he indicated to me that he did participate, but he didn't just come out and say that he did." Objection was made and the court stated only, "Overrule it." Counsel later asked the officer if he (the attorney) was informed that Cardell might make some statement *"in connection with this offense"* and if the conversation "was relating to some sort of deal we might work out," to which the witness replied: "I believe I overheard the fact that you and Sheriff Gilbert were discussing a number of years, if Mr. Cardell wished to implicate himself in this particular crime *and several others* that you had." Objection was again overruled, the court stated: "No, you asked him about it," and the witness continued: "In answering the question you have asked me, *it was more than one crime* that I had heard you and him talk about." Counsel later asked the witness if he had not established a confidential relationship with the prisoner, and the answer was: "No, sir. I advised Assistant Chief Conner, Chief Blackwell, Sheriff Gilbert, Agent Darsey. They were all working the case with me, *the cases that had been committed were in this county and also.  . ."* Again objection was overruled, with the court stating: "There has been considerable testimony that this investigation covered many things." Again the defendant, who had elected to give sworn testimony and submit to cross examination, was required to answer that the circumstances under which he had last seen the co-defendant Chambers was when they were being jointly tried in Alabama for armed robbery, and again a motion for mistrial was overruled.

"The general character of the parties, and especially their

■

conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." *Code* § 38-202. It goes without saying that testimony that the defendant has engaged in other criminal transactions is prejudicial to him in the case for which he is on trial, not because it has no probative value but because it has too much, as tending to indicate that he is of a criminal bent of mind and therefore more likely than the average citizen to have committed the act of which he is accused. *Lee v. State*, 8 Ga. App. 413, 416 (69 SE 310). Therefore, to protect the defendant's fair-trial rights as they are generally understood in this country, such testimony is inadmissible unless the commission of the criminal transaction is so closely interwoven that there is a logical connection between the two crimes to the extent that proof of one tends to prove the other. *Cox v. State*, 165 Ga. 145 (139 SE 861). This rule of law is fundamental to our system of jurisprudence and "the appellate courts are without power to repeal it or destroy it by chiseling it away." *Bacon v. State*, 209 Ga. 261, 264 (71 SE2d 615). In *Bacon* it was proved, against a defendant charged with burglary, that he had in the recent past attempted or committed a number of other burglaries in the same area of which he had been convicted, and it was held that the indictments with convictions thereon were inadmissible to show the intent of the defendant in the case at issue, since they showed only intent in the other transactions to commit that crime, or showed a general larcenous bent of mind, neither of which was the sort of intent meant by the exceptions to the rule. The court further stated that to hold "that evidence of other offenses is always admissible to show intent, whether or not there be any logical connection between them and the case on trial, would be to abolish the general rule, and to establish the exception as the general rule without any exception thereto." A good example of the "logical connection" which makes proof of one crime of probative value in the crime for which the defendant is on trial is indicated in *Moore v. State*, 221 Ga. 636 (1) (146 SE2d 895), where the defendant's modus operandi in holding up a bank was to seize a hostage whom he compelled to enter the latter's car and help him escape. But the

mere fact that the defendant has recently committed a crime of the same sort as that for which he is on trial establishes no probative connection between the two crimes. The Supreme Court followed its holding to this effect in *Bacon* by ruling in *Hodges v. State,* 214 Ga. 614 (106 SE2d 795), conformed to in 99 Ga. App. 295 (108 SE2d 164) that under a multicount indictment for lottery, admission of evidence under one count which was in fact defective prejudiced the defendant's case as to each of the other counts so as to demand reversal. Again, in *Wilson v. State,* 212 Ga. 412 (2) (93 SE2d 354) the Supreme Court held that on the trial of the defendant for murdering one Walden it was error to admit testimony that shortly before he allegedly killed Walden he had pointed a pistol at him, since "the transaction about which the witness was allowed to testify was distinct, independent of, and wholly separate from the one for which the defendant was being tried, and it is well settled by numerous decisions of this court that such evidence is irrelevant and inadmissible."

This brings us to the case at bar, where a police officer was on four separate occasions permitted to tell the jury that the police were investigating and the defendant had admitted his implication in other undesignated crimes the nature of which is not shown and for which he was not on trial. It should be remembered that the witness's reference to these other crimes occurred through his volunteering the information in answers not responsive to questions asked him on cross examination, well knowing that the conversations he referred to concerned an effort on the part of the defendant to obtain a commitment from the State on a total maximum sentence, which transaction was obviously inadmissible and which the State did not even attempt to put in evidence. The officer's remarks can therefore only be construed to get evidence before the jury which he knew to be inadmissible. Under similar circumstances it was held in *Felton v. State,* 93 Ga. App. 48, 49 (90 SE2d 607): "To inform the jury that [the defendant] was arrested in the act of breaking and entering another house on another occasion necessarily put his character in issue and prejudiced his defense, and is prohibited under our rules of evidence. Everyone is presumed to know the

law, of which the rules of evidence are a part, and although this is a violent presumption as to both lawyers and judges, and especially so as to laymen, if any layman is conversant with that principle of law which prohibits the injection into a case under ordinary circumstances of other crimes committed by the defendant on trial, it is a peace officer whose duties often involve testifying as to his part in the investigation of a case, as well in many cases, as special training in the field of criminal procedure. Such witnesses cannot be permitted by 'voluntary' statements to circumvent the letter and meaning of the law so as to inject into the case illegal elements for which counsel, including the solicitor, would be held fully responsible if the answer were elicited by a direct question." Not only did the police officer here continue to volunteer information concerning the defendant's avowal of participation in other crimes, but he was encouraged to do so by the court's continued overruling of objections to this testimony and the failure of the court to take any steps whatever to caution him as to its inadmissibility. Counsel for the defendant did not, by asking the witness whether he had heard a conversation about a proposed deal *in this case* in any way invite an answer as to other cases. It was also error to compel the defendant to admit that he and the co-defendant had been tried for armed robbery in Alabama in the absence of any testimony linking the two crimes in such way that proof of guilt in the one case would tend to prove the guilt of this defendant in the other. The mere fact that Cardell and Chambers were jointly indicted in both cases, without any evidence tending to show plan, method, scheme, device, or modus operandi, or even whether the defendants had been acquitted or convicted in the Alabama case, proves nothing in regard to this defendant, but it does put his character in issue. That the connection between the cases must exist "in the mind of the actor," not of the investigating authorities or the grand jury, see *Cawthon v. State,* 119 Ga. 395 (5) (46 SE 897). See also *Andrews v. State,* 196 Ga. 84, 97 (26 SE2d 263). The case should be retried on the basis of the charge involved in this indictment and this indictment only.

■ Where there is a dispute as to whether a confession was voluntarily made, it is the duty of the trial judge to hold a pre-

liminary hearing of evidence on the subject outside the presence of the jury at which both sides should be offered an opportunity to present evidence. If the evidence gives rise to a disputed issue on which the minds of reasonable men might disagree, it. may then be offered for jury consideration after, and only after, a definite ruling by the trial judge that he finds the confession to have been voluntarily made. A mere ruling that he finds the issue in dispute and will let it go to the jury is not sufficient. Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593); Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205).

Here the trial court, after hearing the State's evidence and without hearing rebuttal testimony from the defendant, stated only: "The court holds it is admissible for consideration by the jury." It is not clear whether the court intended this as a ruling that he found the confession had been voluntarily made or merely a ruling that he would leave the question for the jury to decide. Since this case is to be tried again we will not attempt to pass on the issue, but only to point out that the above cited Supreme Court cases make it mandatory for the court, after hearing evidence for both sides, to make an independent ruling on the issue of voluntariness.

*Judgment reversed. Eberhardt, J., concurs; Bell, P. J., concurs specially.*

BELL, Presiding Judge, concurring specially. Because of other law involved in this case, I am constrained to concur in the judgment of reversal. However, I cannot agree fully with what is said in Division 1 of the opinion. The majority of the whole court has expressed the law on the question in *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177).