### 28428. WILLIAMS v. THE STATE.

Nichols, Justice. This appeal arises from a murder conviction. At the time the alleged crime was committed the defendant was 16 years of age and, based upon expert testimony, somewhat mentally retarded.

The testimony showed that after the shooting took place the defendant became a prime suspect, and when the detectives approached his house he was seen fleeing. After a 3 block chase he was apprehended, and during a routine "pat down" he blurted out that the gun was at his house. After the Miranda warnings were read to the defendant he was returned to his house, his mother was asked about the gun, proceeded to get it and give it to the detectives, after she was informed of the charges against

her son. The defendant was taken to the police station and after his mother arrived the Miranda warnings were again read to the defendant and his mother. The mother and son had a conference and the defendant stated that he wished to make a statement. He then made a statement in which he admitted shooting the victim during an attempted robbery.

On the trial of the defendant, after objection to the admission of the defendant's statement, a Jackson v. Denno hearing was held outside the presence of the jury and upon a finding that the confession was voluntarily and intelligently given by the trial court such evidence was submitted to the jury. An amended motion for new trial was overruled and the present appeal filed. *Held:*

1. Enumerations of error numbered 2 through 5 and 9 relate to the admission of evidence of the defendant's statement and related evidence.

The evidence relating to the location of the gun  came from a spontaneous statement of the defendant during a routine "pat down" and such evidence, not being obtained as the result of any interrogation could not be said to be illegally obtained.

The trial court, after a hearing outside the presence of the jury (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205)) did not err in holding that the pistol obtained as a result of a voluntary spontaneous statement by the defendant and his later statement made after he was advised of his rights in accordance with the decision in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), and made in the presence of his mother (*Moody v. State,* 224 Ga. 301, 302 (161 SE2d 856)), were admissible in evidence.

The defendant does not cite, nor is the court aware of, any statute or decision which would require a special verdict of the jury as to admissibility of the evidence objected to. These enumerations of error are without merit.

2. The defendant was sworn and testified outside the presence of the jury during the Jackson v. Denno hearing as to the admissibility of his statement but did not testify in the presence of the jury and the contention is made that he should have been permitted to be sworn and testify of this issue in the presence of the jury without subjecting himself to the usual cross examination. At the time the defendant was tried he could have made an unsworn statement without cross examination or he could have testified under oath and subjected himself to a

thorough and sifting cross examination but there is no procedure permitting a defendant to testify under oath on a limited subject without subjecting himself to cross examination. This enumerated error is without merit.

3. Enumerations of error numbered 7 and 11 complained of the refusal to permit a clinical psychologist to testify as to the ability of the defendant to understand his constitutional rights as read and explained to him by the police officers prior to his having made a statement. The "hypothetical" question asked this witness was not complete and failed to give any facts relating to circumstances regarding the custody, what transpired in the conference between the defendant and his mother, etc. Under such circumstances the trial court did not err in refusing, over objection, to permit such witness to answer the question propounded. Compare *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488), as to the necessity that an expert witness be informed of all the facts relating to a hypothetical question. See also *Moore v. State,* 221 Ga. 636 (5) (146 SE2d 895).

4. During the course of the defendant's trial a school teacher who had taught the defendant was asked to testify as to whether his failing grades in school were due to inability to do the work or a lack of interest, and as to where the language of the Miranda warning would be classified in relation to the defendant's reading level.

Both questions would have required the witness to state a conclusion which was not authorized. If she be deemed an expert the question did not meet the requirements as shown to be necessary in the prior division of the opinion and if she was not deemed an expert the questions sought to elicit a conclusion which a nonexpert witness is not permitted to give, without stating all the facts on which based, the witness not having heard the reading and explanation of the Miranda rights given to the defendant and his mother, such testimony was properly excluded. Compare *Warren v. Warren,* 221 Ga. 227 (144 SE2d 115).

5. The evidence authorized the jury to find that the defendant, a Negro youth, had shot and killed an official of the local NAACP office in the course of an attempted robbery. The conviction was authorized and the trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1973 — DECIDED DECEMBER 3, 1973.

*Aaron L. Buchsbaum,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Howard A. McGlasson, Jr., William H. McAbee, II, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Michael Dyer, Assistant Attorneys General,* for appellee.