## 30774. CRAWFORD v. THE STATE.

INGRAM, Justice.

Appellant was a minor, 16 years of age, when he was indicted, along with Robert Hartwell and Boysie Thomas, by a Chatham County grand jury for the armed robbery of J. W. Sirmants and the murder of Anthony Johnson. He received a separate trial from his coindictees and was found guilty of both offenses by a jury. Consecutive life sentences were imposed for the two crimes. This appeal followed after the trial court overruled appellant's motion for a new trial. We find no merit in the enumerations of error and affirm the judgment of the trial court.

These charges grew out of the armed robbery of a liquor store on Bull Street in Savannah by three armed males. During the robbery, an employee, Anthony Johnson, was shot and killed and another employee, J. W. Sirmants was seriously wounded. A third person, John M. Poythress, was shot at by one of the robbers, but the bullet missed him. The store receipts were taken, in addition to personal money of J. W. Sirmants, and a .38 caliber pistol which belonged to John M. Poythress.

Approximately two weeks after the robberies and homicide occurred, appellant's mother learned that an arrest warrant had been issued for her son. She took him to the police station where appellant was received into

custody and was read a statement of his Miranda rights in the presence of his mother. Both appellant and his mother signed statements acknowledging that each of them understood those rights. At that time, according to the state's evidence, appellant made an oral statement to the officers in which he admitted participating in the robberies and naming one of the other co-indictees, "Hotrod" (Robert Hartwell), as the person who had done all of the shooting at the store.

Appellant's first enumeration of error concerns the voluntariness of the alleged oral confession made by appellant. There was a Jackson-Denno hearing at the trial on this issue. At that hearing, the state's evidence showed that Miranda warnings had been given and that appellant's statement was voluntary. However, both appellant and his mother testified that appellant did not confess to the officers.

Appellant also urges that because he was a juvenile at the time of his arrest, he could not be interrogated at the police station. He relies on *Daniels v. State,* 226 Ga. 269 (174 SE2d 422) (1970) which in turn relies on Code Ann. § 24-2416 (Ga. L. 1968, pp. 1013, 1025). This Code section was repealed in 1971 when a comprehensive revision of the juvenile court system was adopted by the legislature. See Ga. L. 1971, pp. 709, 756. See also *Carrindine v. Ricketts,* 236 Ga. 283 (1976). The fact that appellant was a juvenile charged with a capital offense is one factor to be considered in deciding whether or not an alleged confession was voluntary, but it is not in itself decisive. See In Re Gault, 387 U. S. 1 (1966). See, e.g., *Williams v. State,* 231 Ga. 508 (202 SE2d 433) (1973). A preponderance of the evidence indicates that this confession was voluntary and the trial court did not err in admitting it into evidence for the jury to make a final determination of this issue. See Lego v. Twomey, 404 U. S. 477 (1972); *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974).

The second enumeration of error addresses the admission into evidence, after a Jackson-Denno hearing, of another incriminating statement. The police officer questioned appellant again on the day of his arrest, sometime after he made the alleged statement considered

in the first enumeration of error. This questioning also took place in the presence of his mother. Two written statements of appellant's co-indictee Thomas were read by the officer to appellant. The officer testified that appellant agreed with most of both statements but that he made some corrections in both statements about the identity of the person who had done the actual shooting. These statements and appellant's responses were related to the jury. Appellant complains that the admission of the statements of the co-indictee denied appellant of his right of confrontation. Appellant also argues that because he had the right to remain silent, the statements of his co-indictee were not probative of appellant's guilt.

Appellant's argument ignores the fundamental nature of this evidence. By affirmatively agreeing with the statements of the co-indictee and correcting them by adding information to the statements, the statements became appellant's statements. When appellant corrected and adopted these statements, they became admissible against him. *Hill v. State,* 232 Ga. 800, 802 (209 SE2d 153) (1974) is inapposite as appellant in this case did not remain silent upon being read the co-conspirator's statement, but rather, made them his own. Similarly, enumeration of error No. 3 concerning the necessity for a jury charge on the use of a confession by a joint offender (Code Ann. § 38-414) is without merit because it is inapplicable under this evidence.

Enumeration of error No. 4 complains that the trial court failed to give a specific charge on voluntariness of confessions requested by the defense at trial. The trial judge declined to give it, but instead, charged extensively on the legal necessity for the jury to find first that the confessions were voluntary before the confessions could be considered by the jury. The charge given is fair and complete, and "where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820) (1975), and cits.

Enumeration of error No. 5 concerns the admission into evidence of one of the police officer's testimony. This officer refreshed his recollection of the interviews with

appellant from a police report but he testified from his independent recollection of the narrated events. See Code Ann. § 38-1707. This is not a case in which the officer had no independent knowledge or recollection of the events and, therefore, his testimony was not inadmissible hearsay. See e.g., *Calhoun v. Chappell,* 117 Ga. App. 865 (162 SE2d 300) (1968).

Enumerations of error 7, 8, 9, and 10 concern related problems of instructions given to the jury and the issue of lesser included offenses involved in this case. Appellant was indicted for the malice murder of Mr. Johnson and the armed robbery of Mr. Sirmants. He was convicted of felony-murder and armed robbery. As in *Burke v. State,* 234 Ga. 512, 514 (216 SE2d 812) (1975) felony-murder was lesser included as a matter of fact under this malice-murder indictment. Thus, there was no error in giving the felony-murder charge to the jury. Similarly, no harm has been shown to appellant from the trial judge's failure to charge on malice-murder. Unlike the appellant in *Burke,* the evidence shows without dispute that there was more than one victim in this case. The convictions for the murder of one victim and the armed robbery of a different victim were supported by both the indictments and the evidence in this case. See *Kramer v. Hopper,* 234 Ga. 395, 397 (216 SE2d 119) (1975).

Enumerations of error 6 and 11 complain of the two consecutive life sentences given to appellant. Because we have rejected appellant's contention that these two convictions for murder and armed robbery cannot both be approved in this case, we also reject the notion that the two life sentences cannot be affirmed. However, appellant makes the additional argument that the imposition of two consecutive life sentences on a 16-year-old felon constitutes cruel and unusual punishment. See Code Ann. § 2-109 and the Eighth Amendment to the United States Constitution. The answer to this contention was provided by the General Assembly's statutory decision to treat all persons over the age of 13 who are convicted of capital felonies in the same manner. The sentences received by appellant are authorized by law and do not offend the constitutional provisions urged by appellant. See *Carrindine v. Ricketts,* supra, for a discussion of the

treatment of non-capital felons under the age of 17 in Georgia.

The last enumeration of error is the general grounds of the motion for new trial. We hold there is sufficient evidence to support the convictions and this enumeration is without merit. See *Ridley v. State,* 236 Ga. 147 (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 29, 1976 — DECIDED MARCH 11, 1976.

*I. Henry Bracker, David S. Bracker,* for appellant.
*Andrew J. Ryan, III, Assistant District Attorney, William H. McAbee, II, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.