31951, 31952. BATTS v. THE STATE (two cases).

PER CURIAM.

The defendant was found guilty of two armed robberies which arose out of the same occurrence and was sentenced to life imprisonment. On appeal he contends that the procedure followed in Georgia for determining the voluntariness of a confession is unconstitutional.

The Georgia procedure for determining the voluntariness of a confession is not unconstitutional for any reason assigned.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hall, JJ., concur. Hill, J., concurs specially.*

SUBMITTED JANUARY 28, 1977 — DECIDED APRIL 21, 1977.

*M. Stan Ballew, Jim L. Wilson,* for appellant.

*Thomas H. Pittman, District Attorney, Fred W. Rigdon, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

The defendant contends that the procedure followed in Georgia for determining the voluntariness of a confession violates the due process clause of the 14th Amendment as well as the Georgia requirement that in criminal cases the jury shall be the judges of the law and the facts (Code Ann. § 2-201). He argues that to satisfy the Georgia requirement the jury must determine the voluntariness of the confession and that in order for there to be the reliable determination on the issue of voluntariness required by Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the jury must return a special verdict disclosing its finding on that issue. The state cites *Watson v. State,* 227 Ga. 698 (182 SE2d 446) (1971), and urges that no objection was made to admission of the confession and hence there was no issue as to voluntariness. In my view this appeal involves the sufficiency of the charge of the court and thus no objection at trial was necessary. *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975).

At trial the state initiated on its own motion a Jackson-Denno hearing during which an officer testified as to the warnings given to the defendant and to the circumstances surrounding the giving of the confession. At the conclusion of this nonjury testimony, the defendant made no objection or motion and he called no witnesses. The trial court expressly found that the proper foundation for admission of the officer's testimony as to the defendant's statement had been laid. The jury returned and the defendant's statement was recounted.

When the defendant took the stand he testified that he did not remember a Miranda warning and that his confession was involuntary. The trial court did not instruct the jury concerning the confession and there was no request to charge upon that subject.

In New York, prior to Jackson v. Denno, trial judges

were required to make a preliminary determination regarding a confession. They could exclude a confession only if the confession could not be deemed voluntary under any circumstances. If voluntariness was debatable, the jury then passed upon voluntariness and if it found the confession to be involuntary it ignored it in determining guilt. If on the other hand the jury found the confession to be voluntary, it was free to consider its truth or falsity in determining guilt or innocence. This procedure was found to be constitutionally defective because the defendant never received a clear-cut determination that the confession used against him was in fact voluntary.

In Jackson v. Denno, the court mentioned, without criticism, the two other widely used procedures but gave no clear indication of a preference for one over the other. Under the "orthodox rule" the trial judge alone makes the determination of the voluntariness of the confession; the jury is not instructed that if it finds the confession was given involuntarily it is to be disregarded. The "Massachusetts rule" requires the judge first to determine voluntariness and if the confession is deemed voluntary it is heard by the jury which makes its own determination of voluntariness. The Massachusetts rule escaped criticism because the trial judge made a determination of voluntariness in the first instance as was also done under the orthodox rule. For developments in various states since Jackson v. Denno, see Annot. 1 ALR3d 1251 and its pocket part.

Prior to Jackson v. Denno, Georgia followed a rule most like the New York rule. *Downs v. State,* 208 Ga. 619, 621 (68 SE2d 568) (1952); see 378 U. S. at 415; see also Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593) (1966). In other words, prior to Jackson v. Denno, juries decided voluntariness in Georgia. Following the addition of the Jackson v. Denno requirement that there be a reliable determination of voluntariness, judges in Georgia began making that determination. *Strickland v. State,* 226 Ga. 750 (177 SE2d 238) (1970); *Cardell v. State,* 119 Ga. App. 848 (2) (168 SE2d 889) (1969).

It might be expected that this additional requirement, when coupled with the old practice of jury determination, would have put Georgia under the

Massachusetts practice. This has not occurred (as seen by the case before us) due undoubtedly to another requirement, namely that the question of voluntariness of a confession need not be submitted to the jury without request to charge on that subject. *Elvine v. State,* 205 Ga. 528 (3,4) (54 SE2d 626) (1949); *Phillips v. State,* 206 Ga. 418 (2,4c) (57 SE2d 555) (1950); cf. *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365) (1976).

Thus, the present practice in Georgia may be described as following the orthodox rule, except that by timely written request to charge the defendant can invoke the Massachusetts rule. In the absence of such a request to charge, the court below followed the orthodox rule and made the required reliable determination as to the voluntariness of the confession. This satisfied the requirements of Jackson v. Denno, supra. In the absence of such request to charge, there is no denial of the right to trial by jury in criminal cases, Code Ann. § 2-201.