## 56086. BURKS v. THE STATE.

WEBB, Judge.

Convicted for the offense of aggravated assault upon his stepson, whom he shot through the hip with a 30-30 rifle, L. B. Burks claims on his appeal that two errors were committed by the trial court. Those asserted are the trial court's (1) failure to sustain his motion to declare the procedure for determining the voluntariness of a confession violative of the 5th and 14th Amendments, and (2) failure to allow the accused opportunity to present evidence at the Jackson v. Denno[1] hearing as to the voluntariness of his confession.

1. Prior to the commencement of the Jackson v. Denno hearing, Burks' counsel moved that the trial court declare unconstitutional the Georgia Courts' position that Jackson v. Denno does not require a special verdict on

---

[1]Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

the voluntariness of a statement. After arguments, the motion was overruled and the hearing commenced. Burks' counsel made no objection on any grounds to the admission of the statement into evidence, and expressly waived objection. Said he, "Your Honor, we have no objection to the introduction of this statement into evidence. . ."

Counsel for Burks was also counsel for the appellant in *Batts v. State,* 238 Ga. 664 (235 SE2d 377) (1977), and in that case he made the same contention except that here he has included the 5th along with the 14th Amendment. In *Batts* the Supreme Court held: "The Georgia procedure for determining the voluntariness of a confession is not unconstitutional for any reason assigned."

2. There is no merit in the assertion that error was committed because the trial court failed to allow Burks opportunity to present evidence at the Jackson v. Denno hearing as to the voluntariness of his confession. The record of that hearing does not indicate that Burks ever offered any rebuttal evidence, nor was any claim or objection voiced by his counsel that he wanted to have further evidence submitted. Additionally, as hereinabove pointed out, Burks' counsel stated to the court "We have no objection to the introduction of this statement into evidence. . ."

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Submitted July 10, 1978 — Decided September 6, 1978 — Rehearing denied September 21, 1978 —

*M. Stan Ballew,* for appellant.
*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.