## 64056. PRUITT v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted separately for the offenses of burglary and escape. The escape occurred after he was arrested and taken into custody for the burglary offense. He was then tried, convicted and sentenced. His motion for new trial was filed, heard and after a hearing, denied. Defendant appeals. *Held:*

1. The evidence here was sufficient to support the verdict. After careful review of the entire record and transcript (although the evidence against the defendant as to the burglary charge was, in general, circumstantial), we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of each of the offenses charged. *Moses v. State,* 245 Ga. 180, 181 (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). There is no merit in any of the enumerations of error complaining of the sufficiency of the evidence to convict or with reference to the general grounds of the motion for new trial.

2. There was no error or abuse of discretion on the part of the trial court in denying the defendant's motion to sever the escape charge from trial with the other charges. See *Carter v. State,* 155 Ga. App. 840, 842-843 (2) (273 SE2d 417). The evidence of the escape would obviously be admissible on the trial of the case to prove flight. See *Welborn v. State,* 236 Ga. 319, 320 (1) (223 SE2d 698); *Carver v. State,* 137 Ga. App. 240, 241 (1) (223 SE2d 275).

3. A Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) as a part of the pre-trial was held, and the court ruled that a statement made by the defendant while in custody for the burglary charge "was given freely and voluntarily and can be used in the trial of the case." This statement contained criminal admissions but not necessarily a complete confession to the offense of burglary. After his arrest for the charge of burglary he temporarily escaped and this resulted in the escape charge. See Division 2 above.

During the trial for the two offenses for which he was indicted on cross-examination of the police officer who investigated the alleged crime of burglary, the officer was questioned with reference to the reliability of the persons who had reported the motor vehicle involved in the burglary. This witness was then asked whether or not either of these persons had ever made any time for any criminal offense. Objection was then made contending the reliability of these witnesses had already been determined during pretrial. Defendant's counsel contends he was offering evidence in this regard as to the

voluntariness of defendant's statement after his arrest, contending there was an unlawful arrest at that time and there could have been no escape. In the colloquy with counsel, the court stated that the burden will be upon the state to prove that he was in lawful custody as to the escape and that he had escaped from lawful custody and further that the search warrant which resulted from the evidence discovered during the investigation had been determined to be lawfully issued, hence the court was sustaining the objection with reference to the cross-examination of the officer witness with reference to the reliability of the two persons who reported the information as to the motor vehicle involved in the burglary. The defendant now contends in the remaining enumeration of error in this ruling shown above that the trial court refused to allow the defendant to produce evidence on cross-examination relative to the voluntariness of defendant's alleged incriminatory statement made while in custody and as affected by his arrest as to whether his arrest was lawful or unlawful. Defendant contends in argument that notwithstanding that the court had denied a motion to suppress and had held that the defendant's statements were admissible in a Jackson-Denno hearing, it was error for the court to refuse to allow him to produce evidence to show the statements were not made voluntarily, citing *Cardell v. State,* 119 Ga. App. 848 (2), 853 (168 SE2d 889). However, the trial court did not refuse to permit the defendant to produce evidence as to the voluntariness of the defendant's statement. The trial court made a definite ruling that the statement had been voluntarily made and satisfied the requirement of *Cardell v. State,* 119 Ga. App. 848, 853, supra, as well as Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593), and Jackson v. Denno, 378 U. S. 368, supra. There seems to have been a lack of communication between counsel for defendant and the court as to the court's ruling on the objection to the testimony he was seeking to elicit from the witness. The court quite correctly restricted his right of cross-examination of the witness with reference to the validity of the search warrant and as to the credibility of the two informants who had reported material facts to the police officers with reference to the burglary. However, there is simply no merit here in the defendant's complaint that the trial court refused to permit him to produce evidence as to the voluntariness of the defendant's statements to the police officer.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 9, 1982.

*J. Laddie Boatright,* for appellant.

*Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney,* for appellee.